UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIM CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>MARSHALLS-TJX, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00270<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

On June 14, 2019, this Court ordered pro se Plaintiff Kim Campbell to show cause by July 5, 2019, why this employment-discrimination action should not be dismissed because she had failed to serve Defendant Marshalls-TJX in compliance with Federal Rule of Civil Procedure 4. (Doc. No. 28.) Campbell has not responded to that order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

### I.    Factual and Procedural Background

Campbell initiated this action on March 7, 2018, when she filed a complaint alleging that her former employer Marshalls-TJX and four individual defendants—Christiara l/n/u, Caroline Griffin, Margaret Brandon, and Roberto Bernalito—discriminated against her on the basis of race, color, and religion in violation of Title VII of the Civil Rights Act of 1964 (Title VII). (Doc. No. 1.) On July 3, 2018, the defendants filed a motion to dismiss Campbell's complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim for which relief can be granted. (Doc. No. 13.) Campbell responded by moving for leave to file an amended complaint that removed her claims against all of the individual defendants,

amended her Title VII claims against Marshalls-TJX, and added a claim under the Age Discrimination in Employment Act (ADEA). (Doc. Nos. 23, 23-1.) The defendants opposed Campbell's motion to amend. (Doc. No. 24.)

On February 14, 2019, the Magistrate Judge granted in part and denied in part Campbell's motion to amend, allowing Campbell to drop her claims against the individual defendants and amend her Title VII claims against Marshalls-TJX but denying her request to add an ADEA claim. (Doc. No. 25.) On February 25, 2019, the Court ordered Campbell to serve her amended complaint on Marshalls-TJX in compliance with Federal Rule of Civil Procedure 4. (Doc. No. 27.) Campbell did not do so. On June 14, 2019, the Magistrate Judge explained that the time period for service under Rule 4(m) had passed and ordered Campbell to show cause why the Court should allow her additional time to effect service and why her claims should not be dismissed. (Doc. No. 28.) The Magistrate Judge warned Campbell that failure to respond would likely result in a recommendation that her claims be dismissed. (*Id.*) Campbell did not respond.

## II.     Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not

2

Case 3:18-cv-00270    Document 29    Filed 09/10/19    Page 2 of 4 PageID #: 131

properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

Approximately 200 days have passed since Campbell's amended complaint was docketed and the Court ordered her to serve Marshalls-TJX in compliance with Rule 4. The Court twice warned Campbell that failure to effect service might result in dismissal of her claims. (Doc. Nos. 27, 28.) Because Campbell has not served the sole remaining defendant in this action in compliance

3

with Rule 4 despite ample time to do so and notice that failure may result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

IV.     **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of September, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge